EXHIBIT A

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Plaintiff **TERRI CAUDILL** ("Plaintiff") and **AGORA NOTUS, LLC**, **RELOGIO, LLC**, **TRACI ZIRKELBACH**, and **KENT POPHAM** collectively "Defendants") (with Plaintiff and Defendants collectively referred to as the "Parties").

**WHEREAS**, the Plaintiff filed a lawsuit currently pending in the United States District Court for the Northern District of Georgia, Rome Division, captioned <u>Terri Caudill v. Agora Notus, LLC and Relogio, LLC doing business as "Complete Cash Discount Title Pawn," Traci Zirkelbach, and Kent Popham</u>, Civil Case No. 4:20-cv-00149-TWT (the "Lawsuit"); and

**WHEREAS**, in the Lawsuit, Plaintiff alleges unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 203(d) (hereafter "FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs, and other relief;

**WHEREAS**, Defendants deny the allegations in the Lawsuit and further deny that they have committed any wrongdoing or violated any state or federal law pertaining to the payment of wages;

**WHEREAS**, the Parties desire to avoid protracted litigation, uncertainty as to the outcome of litigation, the stress and time commitment involved with litigation, and the expenses incident thereto, and desire to resolve the Lawsuit and settle all issues relevant thereto and arising therefrom;

**WHEREAS**, the Parties have been able to reach an agreement to settle the claims on the terms contained herein;

**WHEREAS**, the Parties desire and intend to seek Court approval of the settlement of the Lawsuit and to seek an entry of final dismissal, dismissing with the prejudice the Plaintiff's claims as set forth herein; and

**NOW, THEREFORE**, in consideration of the promises, covenants, compensation, and mutual agreements contained herein, the Parties agree hereto as follows:

1. **INCORPORATION OF RECITALS:** The above "Whereas" recitals are incorporated herein and made part of this Agreement by reference.

2. **NO ADMISSION OF LIABILITY OR WRONGFUL CONDUCT:** The Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Parties. The Parties agree that this Agreement represents a fair and reasonable settlement of this bona fide dispute as to the facts and the law which apply to this matter. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability or wrongdoing at any time or for any purpose, under any circumstances, by the Parties to this Agreement.  The Parties further acknowledge and agree that this Agreement, the settlement, and any part of the negotiations shall not be used to suggest an admission of liability in any dispute the Parties may have, now or in the future, with respect to any person or entity.

3. **NO OTHER CLAIMS:** Plaintiff represents that she has not filed, nor assigned to others the right to file, nor are there pending, any complaints, charges, or lawsuits against any of the Released Parties other than the instant Lawsuit. Plaintiff further represents that she does not intend to assert further claims against any of the Released Parties related to her prior employment with any of the Released Parties.

4. **APPROVAL OF SETTLEMENT:**

    a. All the terms of this Agreement are contingent upon the approval of the Court and this Agreement is entered into voluntarily by the Parties for settlement purposes only. Notwithstanding, the Parties intend for the terms any provisions of this Agreement to be binding upon the Parties subject to the approval of the Court.

    b. This Agreement will become final and effective upon the occurrence of all of the following events:

    1) Execution of this Agreement by the Plaintiff and each Defendant;
    2) Joint submission to the Court of a Joint Motion for Approval of Settlement; and
    3) Entry of an Order by the Court Approving this Settlement.

    c. In the event that this Agreement does not obtain approval of the Court, the Parties agree to negotiate in good faith any modification of this Agreement, to

accommodate the basis upon which the Court has refused to approve this Agreement. If the Parties cannot agree to a modification or cannot obtain further approval from the Court, the Parties agree that nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the Lawsuit as if the Agreement never existed. If voided, the Parties further agree to extend any necessary deadlines in the Lawsuit or, where necessary, request the Court to do so.

5. **SETTLEMENT AND CONSIDERATION:**

a. In full and complete settlement of the Lawsuit, Defendants agree to pay Plaintiff and her attorneys the total sum of SEVEN THOUSAND DOLLARS ($7,000.00) (the "Settlement Amount"), payable as follows:

1) Two checks made payable to Plaintiff in the gross amount of Forty-Five Hundred Dollars and Zero Cents ($4,500.00). Plaintiff understands and agrees that one-half (1/2) of the division of this amount ($2,250.00) will be considered settlement of claims for wages, and Defendants will make applicable withholdings from this payment and will issue an IRS Form W-2 to Plaintiff. Plaintiff further understands and agrees that the remaining one-half (1/2) of the division of this amount ($2,250.00) shall be considered settlement of claims for liquidated damages and/or interest and Defendants will not withhold any amounts from said payment and will issue an IRS Form 1099 to Plaintiff. Defendants, nor their counsel, have provided any tax advice and all taxes, other than the Defendants' share of payroll taxes, are the sole responsibility of Plaintiff receiving the payment.

2) A check made payable to Brown, LLC, tax identification number 46-1808717, in the gross amount of Twenty-Five Hundred Dollars and Zero Cents ($2,500.00) for attorneys' fees and litigation expenses. No deductions or withholdings will be made from this payment and this amount will be reported on a Form 1099 issued to Brown, LLC.

b. All three (3) Settlement checks described above shall be paid no later than fifteen (15) business days following the Court's Order of Approval of this Agreement. The checks constituting the Settlement Amount shall be timely delivered to Plaintiff's

counsel at Brown, LLC c/o Zijian "Coco" Guan, 111 Town Square Place, Suite 400, Jersey City, New Jersey 07310 via non-USPS carrier with a tracking number. Plaintiff's counsel shall then be required to distribute any amounts owed to Plaintiff under this Agreement.

c. The Parties agree that this payment includes liquidated damages and is a fair and reasonable resolution of a bona fide dispute over FLSA provisions and regulations applicable to the status of the Releasors as "employers" under the FLSA.

**6.   DISMISSAL WITH PREJUDICE:** Upon the execution of this Agreement and Court approval of the Parties' settlement, Plaintiff agrees that if the Court has not already dismissed the Lawsuit, then Plaintiff will file a Stipulated Order of Dismissal with Prejudice, with all parties to bear their own fess and costs, no later than five (5) business days from Plaintiff's counsel receipt of the Settlement Amount.

**7.   RELEASE:** In consideration of the benefits conferred by this Agreement, Plaintiff does hereby and forever release, acquit, and discharge each and every Defendant from any and all wage-and-hour claims, damages, (including but not limited to actual, compensatory, punitive, interest, and liquidated damages), attorneys' fees and litigation expenses and costs that were brought in the Lawsuit, or could have been brought under the facts asserted in the Lawsuit (with both the claims brought in this lawsuit and those that could have been brought under the facts asserted collectively being referred to hereafter as the "Released Claims"), through the date of approval of this Agreement by the Court, and to the extent that such claims arise under local, state, or federal law.

**8.   FUTURE EMPLOYMENT**: Plaintiff will not seek, take, cause or permit to be taken, any action now or at any point in the future to enter into active employment with any of the Defendants, and Plaintiff further agrees not to knowingly apply for employment at any time henceforth with any of the Defendants.

**9.   OTHER TERMS**:

a. Scope of Agreement: This Agreement shall accrue to the benefit of and be binding upon the Parties hereto, their respective employee(s), successor(s), agent(s), attorney(s), and all other permitted assign(s).

b. Applicable Law: This Agreement shall be governed by the laws of the State of Georgia.

c. <u>Entire Agreement</u>: This Agreement is an integrated Agreement, containing the entire understanding between the Parties regarding the matters addressed herein and, except as set forth in this Agreement, no representations, warranties or promises have been made or relied upon by the Parties to this Agreement. This Agreement shall prevail over prior communications regarding the matters contained herein.

d. <u>Construction</u>: This Agreement shall be construed as a whole according to its fair meaning and intents, and not strictly for or against any Party, regardless of who drafted or who was principally reasonable for drafting this Agreement, or any specific term or condition thereof. The Parties both participated in the negotiation and drafting of this Agreement and had access to the advice and assistance of legal counsel. As such, neither the Plaintiff nor the Defendants may claim that any ambiguity in this Agreement should be construed against the other.

e. <u>Severability</u>: The provisions of this Agreement are severable and if any part of this Agreement is found to be invalid or unenforceable, then the other provisions shall remain fully valid and enforceable. This Agreement shall survive the termination of any arrangements contained herein.

f. <u>Continuing Jurisdiction</u>: The United State District Court for the Northern District of Georgia shall retain continuing jurisdiction over any disputes which may arise under this Agreement, such that the Court may entertain further proceedings, and enter orders, as the Court may deem necessary.

g. <u>Remedies for Breach</u>: If the court finds that any Party breaches any provisions of this Agreement, that Party will be required to pay reasonable attorneys' fees and costs incurred by the non-breaching Party in bringing the action to enforce this Agreement.

h. <u>Multiple Originals</u>: This Agreement may be executive in any number of counterparts, such counterparts considered together shall constitute a single, binding, valid and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile or email shall constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties which are transmitted by facsimile or email shall be deemed to be their original signatures for all purposes.

i. <u>Acknowledgement of Knowing and Voluntary Waiver</u>: The Parties represent and agree that they have completely discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all provisions of this Agreement. The Parties represent and agree that they are voluntarily entering into this Agreement. The Parties acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the Parties or any of their agents, representatives, or attorneys with regard to the subject matter or effect of this Agreement other than those specifically stated in this Agreement.

ALL BELOW SIGNORS HEREBY DECLARE AND REPRESENT THAT BY SIGNING BELOW THEY HAVE EACH CAREFULLY READ THE FOREGOING AGREEMENT IN ITS ENTIRETY OR HAD IT READ TO THEM, HAD THE OPPORTUNITY TO CONSULT WITH THEIR LEGAL COUNSEL REGARDING ITS CONSEQUENCES, AND THAT THEY EACH UNDERSTAND THIS AGREEMENT AND VOLUNTARILY AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date hereinafter appearing.

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| TERRI CAUDILL | AGORA NOTUS, LLC |
| *Terri Caudill* (signature) | By:_____ |
| Terri Caudill | KENT POPHAM, Manager |
| Dated: 06 / 25 / 2020, 2020 | Dated: _____, 2020 |
| | |
| | RELOGIO, LLC |
| | By:_____ |
| | KENT POPHAM, Manager |
| | Dated: _____, 2020 |

[*Signatures Continued on Next Page*]

i. <u>Acknowledgement of Knowing and Voluntary Waiver</u>: The Parties represent and agree that they have completely discussed all aspects of this Agreement with their respective attorneys and have carefully read and fully understand all provisions of this Agreement. The Parties represent and agree that they are voluntarily entering into this Agreement. The Parties acknowledge that in executing this Agreement, they do not rely and have not relied on any representation or statement made by any of the Parties or any of their agents, representatives, or attorneys with regard to the subject matter or effect of this Agreement other than those specifically stated in this Agreement.

ALL BELOW SIGNORS HEREBY DECLARE AND REPRESENT THAT BY SIGNING BELOW THEY HAVE EACH CAREFULLY READ THE FOREGOING AGREEMENT IN ITS ENTIRETY OR HAD IT READ TO THEM, HAD THE OPPORTUNITY TO CONSULT WITH THEIR LEGAL COUNSEL REGARDING ITS CONSEQUENCES, AND THAT THEY EACH UNDERSTAND THIS AGREEMENT AND VOLUNTARILY AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTINUED IN THIS AGREEMENT.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date hereinafter appearing.

**PLAINTIFF**

TERRI CAUDILL

_____
Terri Caudill

Dated: _____, 2020

**DEFENDANTS**

AGORA NOTUS, LLC

By: _____
KENT POPHAM, Manager

Dated: JULY 10, 2020

RELOGIO, LLC

By: _____
KENT POPHAM, Manager

Dated: JULY 10, 2020

[*Signatures Continued on Next Page*]

KENT POPHAM

_____
Kent Popham

Dated: __JULY 10__, 2020


TRACI ZIRKELBACH

_____
Traci Zirkelbach

Dated: __JULY 10__, 2020